IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-99-721-3 |
| | § | |
| BRANDON CREIGHTON SAMPLE | § | |

## **MEMORANDUM AND ORDER**

Before the Court is yet another request by Defendant Brandon Creighton Sample to avoid paying any additional restitution while in custody on his 168 month sentence imposed at a sentencing hearing on March 1, 2001 [*see* Docs. # 113, # 130], by judgment filed originally March 8, 2001 [Doc. # 146]. The judgment was amended on June 20, 2001 [Doc. # 132] and on July 27, 2006 [Doc. # 248]. Defendant has filed a Motion for an Amended Judgment or, in the Alternative, to Vacate Amended Judgment and Order [Doc. # 254], to which the Government has responded [Doc. # 255] and Defendant has replied [Doc. # 257].

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Sample pleaded guilty to eighteen charges of conspiracy to defraud and defrauding the United States Postal Service ("USPS"). On March 1, 2001, the Court sentenced Sample to 168 months imprisonment in the Bureau of Prisons ("BOP") and

ordered him to pay a special assessment of $1,800 and $275,000 in restitution to the United States Postal Service.

On May 23, 2001, Sample sent a letter to the Court requesting that it order the BOP to stop withdrawing funds from his Inmate Trust Account to make installment payments toward the restitution imposed in this case. After considering Sample's arguments, the Court entered an amended judgment clarifying its intent at the time of oral pronouncement of the sentence and at all times thereafter that the BOP may collect payments from Sample toward his restitution while incarcerated. Amended Judgment dated June 21, 2001 [Doc. # 131].

Sample then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Docs. # 167, # 171, # 177, # 184 through # 191], complaining *inter alia* of various deficiencies in the guilty plea colloquy, ineffective assistance of counsel (including an argument that his attorney allegedly gave inaccurate advice that Sample would escape restitution based on an inability to pay), defects in the sentencing proceeding and alleged delegation to the BOP as to the timing and amount of restitution payments to be made while in custody, and ineffective assistance by appellate counsel concerning the failure to urge on direct appeal claims Sample asserted in his § 2255 motion). The Court denied the requested relief and related motions for reconsideration and to expand the record. *See* Docs. # 200, # 207, # 209,

# 210, # 211, # 218.  Sample appealed these orders [Docs. # 202, # 219].  By Order dated July 2, 2004 [Doc. # 222], the Court of Appeals affirmed this Court's rulings.

On March 6, 2006, Sample again moved to change his restitution obligations. He sought modification of the Court's restitution payment schedule [Doc. # 236] based on his alleged changed circumstances and for other reasons.  The Court denied the motion, finding no material change in his economic circumstances since sentencing.  *See* Memorandum and Order dated July 17, 2006 [Doc. # 246].  At Sample's urging, however, the Court amended the judgment on July 27, 2006 [Doc. # 248], to correct a spelling error and the restitution amount attributed to Nikkia Lashante Kilgore, a co-conspirator charged in a different case. *See* Doc. # 248, at 4 n.3, 13.

Sample now *again* seeks to amend his sentence as reflected in the written judgments, asserting new arguments that essentially the judgment does not conform to his interpretation of the Court's oral sentence.  Alternatively, Sample requests the Court vacate its June 21, 2001 judgment because that judgment allegedly does not merely "clarify" the Court's oral pronouncements at sentencing, and thus the Court lacked jurisdiction to issue this amended judgment, citing *United States v. Hatten*, 167 F.3d 884 (5th Cir. 1999).

II.  **ANALYSIS**

This is Sample's third attempt to avoid making restitution payments while incarcerated. Sample now cites Federal Rule of Criminal Procedure 36[1] and *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001) ("In the event of a conflict between an oral judgment and a written order, the oral ruling prevails."), to contend that the June 2001 Amended Judgment is inconsistent with the Court's oral pronouncement at the sentencing hearing. Sample urges – more than six and a half years after entry of the June 2001 Amended Judgment – that the Court erred in issuing the amended instrument, that the Court should vacate that judgment, and that the Court should conform a written judgment to Sample's interpretation of the Court's oral pronouncement. The Court is unpersuaded. Sample's request to alter the June 2001 Amended Judgment is grossly untimely. That judgment became final in 2002 upon affirmance by the Fifth Circuit Court of Appeals and expiration of the time for Sample to seek *certiorari*.[2]

---

[1] Federal Rule of Criminal Procedure 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

To the extent Sample may intend to seek relief pursuant to 28 U.S.C. § 2255, the motion must be denied. Section 2255 is not available for complaints concerning restitution. *See United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999). .

[2] Moreover, the Court carefully clarified its sentencing intentions in the Order Clarifying Judgment [Doc. # 131] filed June 21, 2001, and stands by that extensive explanation. "The actual intention of the sentencing judge is to be ascertained both by what he said from the bench and by the terms of the order he signed, or from his total acts." *Scott v. U.S.*, 434 F.2d
(continued...)

Sample's current motion also is without merit because the operative judgment in this case is now an Amended Judgment dated July 27, 2006. This judgment was entered pursuant to a motion filed by Sample in March 2006, which pointed out two clerical errors pertaining to matters that are immaterial for present purposes. Sample did not appeal that judgment and it became final in mid-2006. Sample's current Motion, filed April 13, 2007, is untimely with respect to the March 2006 amended judgment.

There is no authority or persuasive basis to alter the restitution obligations in the current judgment implementing Sample's sentence.

Further, contrary to Sample's contentions here, the pendency of his appeal did not affect the Court's authority to correct an ambiguity in the original judgment pursuant to Rule 36. Sample relies on *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999), to argue that the Court lacked jurisdiction to amend its original judgment in this case. In *Hatten*, a criminal defendant filed a motion to amend the criminal

---

[2] (...continued)
11, 20-21 (5th Cir. 1970). *See also United States v. Clark*, 741 F.2d 699, 707 (5th Cir. 1984). As noted, the Court ordered that Sample pay the entire restitution immediately. Although the Court perceived that Sample was on the day of sentencing in March 2001 unable to pay the entire restitution, its comment was not – and was not intended to be – a finding as to his financial ability to make payments while incarcerated. It was plain that Sample was (and is) capable of working while in custody, and any earnings or other monies received would render him "able to pay" at that time.

judgment because it included an illegal restitution provision as part of the sentence. The *Hatten* decision did not address a Rule 36 motion or clerical amendment and does not alter the outcome here.

### III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion for an Amended Judgment or, in the Alternative, to Vacate Amended Judgment and Order [Doc. # 254] is **DENIED**.

SIGNED at Houston, Texas this 26th day of **February, 2008**.

_____
Nancy F. Atlas
United States District Judge